## City of Streator v. Hannah Hamilton.

1. NEGLIGENCE—*Questions of Fact.*—Where the question is close as to whether there is sufficient evidence of negligence on the part of a city to warrant a jury in finding that a sidewalk was at the time of an injury, etc., in an unsafe condition, and two juries have passed upon it, the judgment will not be reversed for want of evidence.

2. PERSONAL INJURIES—*Visible Defects in Sidewalks.*—The fact that a defect in a sidewalk was visible, and could have been seen by the person injured, does not necessarily preclude a recovery for an injury.

Trespass on the Case, for personal injuries. .Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

G. F. BELFORD, G. E. GLASS and GEORGE HOADLEY, attorneys for appellant.

WALTER REEVES, attorney for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant in an action on the case, to recover for personal injuries received by her in falling on its sidewalk in front of Daniel Merrit's residence, on east side of Vermilion street, between Kent and Hickory streets, in the city of Streator. Verdict for $1,500 and judgment thereon, which was reversed by this court on former appeal, and the cause remanded. 49 App. Court Reports 419. The case has been again tried, resulting in a verdict and judgment for appellee for $1,000.

When the case was here before, the judgment was reversed

because the Circuit Court allowed appellee to introduce improper evidence as to the condition of the sidewalk at other places than where the injury occurred, and because it refused proper instructions. The cause has been again tried and former errors avoided. Now it is only a question of fact as to whether the evidence supports the verdict, unless the refusing the appellant's instruction No. 21, refused, was error.

We have examined that instruction, and find that the part designed to instruct the jury that the sidewalk should be in a reasonably safe condition, such as a prudent person would call safe, was given in several other instructions, and as far as the notice was concerned, there was no question of latent defects in the sidewalk where the injury occurred, not visible to the eye, and hence such an instruction was not applicable, as in Joliet v. Walker, 17 Brad. 577. The evidence tended to show that there was a hole in the sidewalk, or rather a crack, caused by the sappy part of the boards, of which the sidewalk was built, rotting away in several places, and leaving a crack or aperture where the heel of a lady's shoe could nicely fit in and get fast; that, in fact, the injury was caused by the heel of appellee's shoes going through one of these cracks, which caused her to fall, by means of which she sprained her ankle, and a miscarriage was caused and resulted from the fall.

While it is a very close question in our minds whether leaving a sidewalk in that condition would be sufficient evidence of negligence on the part of the city to warrant a jury in finding that it was in an unsafe condition, yet we think that, under all the circumstances of the case, and from the fact that it had remained in such a condition for a long space of time, it was a question for the jury to determine, and as two juries have passed on the question and returned a verdict in favor of the appellee on the facts, we do not feel at liberty to reverse the judgment for want of evidence to support it. The fact that the defect in the sidewalk was visible, and could have been seen by appellee, does not necessarily bar a recovery.

The judgment of the Circuit Court is therefore affirmed.